UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10019-RWZ

TINA JACKSON *ex. rel* W.R.

v.

SOCIAL SECURITY ADMINISTRATION

ORDER

August 26, 2011

ZOBEL, D.J.

Plaintiff filed a Supplemental Security Income ("SSI") application on behalf of her son, W.R., on May 1, 2008. The application was denied. She now appeals for judicial review pursuant to 42 U.S.C. § 405.

I. **The Factual Record**

At the time of the SSI application, W.R. was six years old and lived with his mother, the plaintiff, and his two sisters. In the application plaintiff describes several behavioral problems, primarily angry outbursts, an excess of energy, and a lack of focus. The earliest medical evidence in the record is an evaluation by Dr. Robert Beckmann in 2005, when W.R. was three. R. 209-10, Docket # 11. W.R. began treatment at Arbour Counseling Services in 2008, shortly before the SSI application was filed. The initial clinical evaluation was performed by Ms. Jennifer Rheaume, a counselor, R. 158-60, and treatment continued with periodic progress reports through at least May of 2009, R. 162-75, 211-36. W.R. was also seen at Arbour by Dr.

Gaticales, a psychiatrist, who prescribed several medications. T. 174-75.

Following the SSI application, W.R. was referred to Dr. David N. Husson, a psychologist, for an evaluation to assist in determinating eligibility for benefits. R. 146-151. Each of two psychologists, Dr. Therese Harris and Dr. Michael Abruzzese, reviewed the collected medical records of W.R. at the request of the Social Security Administration and completed a Childhood Disability Evaluation Form. R. 152-57, 203-08. The record also includes assessments and a report card from W.R.'s school district. R. 141-45. Plaintiff and W.R. testified at the hearing before the ALJ.

## II. The Denial of W.R.'s SSI Application

The application for SSI benefits was denied initially and upon reconsideration. R. 43-45, 50-52. The initial denial relied primarily upon the report of Dr. Husson and the denial on reconsideration was also informed by reports from Arbour Counseling.

Plaintiff requested and received a hearing before an ALJ. The ALJ evaluated W.R.'s application for SSI using the three-step process, set forth in Social Security Administration regulations, for determining SSI eligibility for children. 20 C.F.R. § 416.924. First, the applicant must not be doing substantial gainful activity. Second, the applicant must have one or more severe impairments. Third, the combination of the severe impairment and any other impairments must meet, or medically or functionally equal, any listed per se disabling impairment. See 20 C.F.R. § 404 Subpart P App. 1 (listing impairments). Functional equivalence is determined in respect to six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for

oneself; (6) health and physical well-being. 20 C.F.R. § 416.926a. The applicant is deemed disabled if the combination of impairments results in a marked limitation in two or more domains or an extreme limitation in one.

The ALJ found that W.R did not engage in substantial gainful activity and had a severe impairment, mood disorder. He concluded that the mood disorder was neither a listed impairment nor, in combination with other non-severe impairments, functionally equivalent. Although he found that W.R. exhibited a marked limitation in interacting and relating with others, and a less than marked limitation in attending and completing tasks, W.R. showed no limitation in the other four domains. Accordingly, benefits were denied.

The denial was selected for review by the Decision Review Board, which did not complete its review within 90 days. As a result, by rule, the denial became final. Plaintiff filed the instant appeal.

**III.    Analysis**

A denial of benefits will be upheld unless there was an error of law or the factual findings are not supported by substantial evidence. 42 U.S.C. § 405(g); Manso-Pizzaro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (Per Curiam). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support such a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

Plaintiff argues that the ALJ erred in failing to (1) identify a severe attention deficit hyperactivity disorder (ADHD) impairment and consider how this impairment

would limit W.R.'s functioning in the six domains; and (2) give proper weight to evidence of impaired functioning in the home.

Initially, the dispute over whether the ALJ should have identified a severe ADHD impairment has no effect on the outcome of the case. Because he identified a severe impairment, mood disorder, he considered whether the combined effect of all of W.R.'s impairments, severe or otherwise, were functionally disabling. See R. 19 (identifying "history of impulsiveness and hyperactivity").

Regardless, the ALJ's finding of a severe mood-disorder impairment but no other severe impairment, ADHD or otherwise, was supported by substantial evidence. The sole diagnosis of ADHD was by Dr. Husson following a one-time evaluative interview. Dr. Husson does not diagnosis the ADHD as "severe" or provide any substantive discussion of the ADHD diagnosis. At the initial clinical evaluation of W.R. at Arbour Counseling Services, the treating counselor indicated a need to rule out ADHD. R. 158-160. The record contains dozens of pages of progress notes documenting subsequent counseling sessions with W.R.; plaintiff has identified no diagnosis of ADHD in those notes. Finally, while the ALJ discounted some aspects of the evaluations performed by Drs. Abruzzese and Harris, R. 17, it is relevant that they, too, did not diagnose ADHD.

The ALJ gave full consideration to evidence of impaired functioning in the home. He noted plaintiff's descriptions of W.R's behavior, the only such evidence, specifically his poor focus and angry outbursts. R. 17. The ALJ recognized that these descriptions were, at least as to the severity of W.R's limitations, contradicted by W.R.'s school

4

record and observations from a school teacher, by the increasingly positive observations expressed in the months of progress notes written by the long-term treating therapist, Ms. Rheaume, and the joint opinion of Ms. Rheaume and Dr. Gaticales who found W.R.'s behavior to be within normal limits and consistent with age appropriate mental functions. Id. The ALJ did not act unreasonably in taking into account both the observations of plaintiff and the findings of third parties and according more weight to the neutral, third-party findings. See, e.g., R. 19 (ALJ analysis for domain of attending and completing tasks).

**IV. Conclusion**

Plaintiff's motion for an extension of time (Docket # 12) is ALLOWED. Plaintiff's motion for an order reversing the decision of the commissioner (Docket # 13) is DENIED. Defendant's motion for an order affirming the decision of the commissioner (Docket # 14) is ALLOWED.

|   |   |
|---|---|
|    August 26, 2011    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |